**BRM INDUSTRIES, INC., Plaintiff,**

**v.**

**MAZAK CORPORATION and The CIT Group/Equipment Financing, Inc., Defendants.**

**No. 3:98CV1800 (WWE).**

United States District Court, D. Connecticut.

June 25, 1999.

Madelyn M. Huffmire, East Boothbay, ME, for BRM Industries, Inc.

Joseph G. Fortner, Jr., David Robert Levesque, Halloran & Sage, Hartford, CT, Brian S. Sullivan, Dinsmore & Shohl, Cincinati, OH, Thomas A. Prewitt, Dinsmore & Shohl, Covington, KY, for Mazak Corp.

### RULING ON DEFENDANT MAZAK CORPORATION'S MOTION TO DISMISS AND TO STRIKE

EGINTON, Senior District Judge.

In 1996, defendant Mazak Corporation ("Mazak") sold two items of machine tool equipment to plaintiff BRM Industries, Inc. ("BRM"). BRM claims that these items were latently defective and that Mazak's failure to repair without undue delay resulted in losses to BRM's business.

BRM filed a complaint against Mazak alleging breach of contract, misrepresentation, and violation of the Connecticut Uniform Trade Act ("CUTPA").

Subsequently, this Court denied the defendants' motion for transfer to Kentucky, determined that Kentucky law would apply, and dismissed BRM's CUTPA, negligence and misrepresentation claims. The Court also ordered the plaintiff to file an amended complaint in compliance with its ruling.

BRM then filed an amended complaint, asserting claims against Mazak for breach of contract, deceptive and unfair trade practice in violation of Kentucky statutory law, and violation of CUTPA. The amended complaint also alleged fraud against defendant CIT Group/Equipment Financing, Inc. ("CIT"). Plaintiff has since withdrawn its claims against defendant CIT.

Mazak has filed a motion to dismiss counts two and four of plaintiff's claims alleging violation of Kentucky statutes and CUTPA. Plaintiff's motion also seeks to have the Court strike certain portions of the amended complaint.

## DISCUSSION

### A. Standard of Review

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. Count Two: Deceptive and Unfair Trade Practices in Violation of Kentucky Statutory Law

In count two, plaintiff asserts that Mazak engaged in unfair and deceptive acts in violation of the Kentucky Revised Statutes ("K.R.S.") §§ 367.010 et seq. This section applies to consumers or persons who purchase goods "primarily for personal, family or household purposes." K.R.S. § 367.220. Mazak argues that BRM is not a consumer and therefore has no standing to assert its claim pursuant to this section.

Plaintiff also makes its claim of deceptive practices pursuant to K.R.S. §§ 517.020 and 517.030, which sections fall within the Kentucky penal code. Mazak points out that BRM is not in a position to enforce Kentucky's penal code.

BRM has offered no argument against dismissal of its claims in count two. Therefore, count two will be dismissed.

### C. Count Four: Deceptive and Unfair Trade Practices in Violation of CUTPA

BRM asserts a CUTPA claim in count four of the amended complaint. Specifically, plaintiff alleges that Mazak's knowing failure to make the necessary commitment to remedy its machines' mechanical problems constitutes an unfair trade practice in violation of CUTPA.

As noted above, the Court originally dismissed BRM's CUTPA claim because Kentucky law applies to this action. BRM seeks the reconsideration of that decision to apply Kentucky law. BRM asserts that the Court did not recognize that application of Kentucky law would compromise its remedy for Mazak's unfair trade practices. The Court will grant BRM's request for reconsideration.

■ BRM signed a contract with an enforceable choice of law clause in favor of Kentucky law. A contractual choice of law provision is enforceable under Connecticut's choice of law rules where (1) the state

of the chosen law has a substantial connection to the parties or the transaction, and (2) application of the chosen state law would not be contrary to a fundamental policy of the state with a materially greater interest in the transaction. *Elgar v. Elgar*, 238 Conn. 839, 850, 679 A.2d 937 (1996).

 Since Mazak accepted the agreement in Kentucky, and Mazak has its home office and principal place of business in Kentucky, the transaction between BRM and Mazak has a substantial connection and a reasonable relationship to Kentucky.

Enforcement of a choice of law provision may result in the dismissal of a CUTPA claim. *See Travel Services Network, Inc. v. Presidential Financial Corp.*, 959 F.Supp. 135, 146 (1997) (a broadly-worded choice-of-law provision in a contract may govern interpretation of the contract and tort claims arising out of the contract). Therefore, the Court will adhere to its previous decision to apply Kentucky law and to dismiss BRM's CUTPA claim.

### D. *BRM's Bad Faith and Negligence Allegations*

Mazak argues that paragraphs 14, 16, 18, and 19 of the amended complaint make allegations concerning Mazak's bad faith and negligence. Mazak urges the Court to strike these allegations since the Court previously dismissed BRM's misrepresentation and negligence claims.[1] BRM has offered no substantive response to Mazak's argument. Therefore, the Court will strike paragraphs 14, 16, 18, and 19 of the amended complaint.

### E. *BRM's Prayer for Relief*

In paragraphs 5, 6, 7, and 8 of the amended complaint's prayer for relief, BRM requests four types of damages based on Connecticut law. As discussed above, Kentucky law applies to this action.

Thus, these paragraphs will be stricken from the amended complaint's prayer for relief.

### F. *Mazak's Request for Sanctions*

 Mazak requests that this Court sanction BRM because it filed an amended complaint that did not comply with the Court's prior ruling. Mazak points out that the amended complaint reasserted the CUTPA claim, realleged bad faith and negligence, and requested damages based on Connecticut law. The Court will not impose sanctions based on BRM's misguided but good faith concern that the Court had not fully considered the implications of its decision to apply Kentucky law.

### CONCLUSION

Based on the foregoing, defendant Mazak's motion to dismiss and to strike [doc. # 40] is GRANTED except for sanctions. Specifically, the Court dismisses counts two and four; strikes paragraphs 14, 16, 18, and 19 in count one of the amended complaint; and strikes paragraphs 5, 6, 7, and 8 of the amended complaint's prayer for relief. The Court DENIES Mazak's request for sanctions.

Plaintiff is directed within 30 days to amend its complaint to conform with this ruling and to remove all claims against defendant CIT.

SO ORDERED.

---

1. Mazak also asks the Court to strike Paragraphs 24 and 25. These allegations are asserted in BRM's CUTPA count, which has been dismissed.